ORIGINAL

# In the United States Court of Federal Claims

No. 17-312C

(Filed: August 22, 2017)

FILED
AUG 2 2 2017
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THURSTON SANDERS,

             Plaintiff,

v.

THE UNITED STATES,

             Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Thurston Sanders, a currently incarcerated *pro se* plaintiff, alleges that he was unlawfully denied an opportunity to participate in a federally funded job-training program on the basis of his age. The Government has filed a motion to dismiss for lack of subject matter jurisdiction. For reasons explained below, the Court GRANTS the Government's motion to dismiss Mr. Sanders' claims.

## Background

Mr. Sanders is an inmate at the Federal Corrections Institute at Fort Dix, New Jersey. Compl. at 2. At some point, Mr. Sanders was enrolled in the "Lincoln Technical Institute HVAC Training Program." Id. at 1. On or around September 4, 2015, Mr. Sanders was dismissed from this training program. Id. at 3. Mr. Sanders alleges that he was dismissed due to his age in violation of the "Age Discrimination Act". Id. at 1. Mr. Sanders first filed a grievance with the Federal Bureau of Prisons on June 27, 2016. Id. at 7. On August 2, 2016, the Federal Bureau of Prisons denied his "administrative tort claim" because Mr. Sanders "[had] not alleged a physical injury actionable under the Federal Tort Claims Act." Id.

On February 22, 2017, Mr. Sanders filed a complaint before the U.S. District Court of New Jersey seeking $1.2 million for being dismissed from the Lincoln Technical Institute HVAC Training Program due to his age. Sanders v. United States, Case No. 17-

7017 1450 0000 1346 2946

1218, Dkt. No. 1, at 6 (D.N.J. Feb. 22, 2017). According to the complaint, the Government violated the "Age Discrimination Act" by unlawfully dismissing Mr. Sanders from the training program. Id. On March 7, 2017, thirteen days later, Mr. Sanders filed a complaint before this Court seeking $1.2 million for unlawful age discrimination resulting in his dismissal from the same training program. Compl. at 4. The Government filed a Rule 12(b)(1) motion to dismiss on May 26, 2017. Gov.'s Mot. at 1. In Mr. Sanders' response to the Government's motion to dismiss, he requests both that the Court stay proceedings and refer him to the Court's pro bono counsel program. Pl.'s Resp. at 1-2. The parties completed briefing on the motion to dismiss on August 15, 2017 and the Court has deemed oral argument unnecessary.

## Discussion

The Tucker Act ordinarily is the focus of subject matter jurisdiction in this Court, and states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act itself "does not create a cause of action." RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998). Thus, a plaintiff must identify a "separate source of substantive law that creates the right to money damages" in order to invoke the Court's jurisdiction over a claim. Greenlee County, Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). Failure to establish jurisdiction under the Tucker Act requires the Court to dismiss under Rule 12(b)(1). Outlaw v. United States, 116 Fed. Cl. 656, 658 (2014). When deciding a Rule 12(b)(1) motion to dismiss, a court must assume all the undisputed facts in the complaint are true and draw reasonable inferences in the non-movant's favor. Erikson v. Pardus, 551 U.S. 89, 91 (2007). Courts hold pleadings made by *pro se* plaintiffs to a less stringent standard and liberally construe language in the plaintiff's favor. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Mr. Sanders' claim does not survive the 12(b)(1) motion to dismiss.

This Court does not have jurisdiction to adjudicate claims of age discrimination because district courts have exclusive jurisdiction over claims arising under the Age Discrimination in Employment Act. Dixon v. United States, 17 Ct. Cl. 73, 77 (1989);

Cottrell v. United States, 42 Fed. Cl. 144, 149-50 (1998) ("As courts have repeatedly held, there is no Tucker Act jurisdiction in the Court of Federal Claims to entertain claims involving race, sex, and age discrimination or other claims involving civil rights violations."). Mr. Sanders claims he was dismissed from the training program because he was "too old" and explicitly refers to the "Age Discrimination Act" in his complaint. Compl. at 1. Therefore, this Court does not have jurisdiction over Mr. Sanders' claim.

In addition, this Court does not possess jurisdiction over "any claim . . . pending in any other court . . . ." 28 U.S.C. § 1500. Claims based on substantially the same facts are considered the same claim for purposes of § 1500. Pellegrini v. United States, 103 Fed. Cl. 47, 50 (2012). This complaint and the complaint currently filed in the U.S. District Court of New Jersey cite the same facts to allege the same claims. See Sanders v. United States, Case No. 17-1218, Dkt. No. 1 (D.N.J. Feb. 22, 2017) (seeking $1.2 million for the unlawful dismissal from a training program based upon age discrimination). Therefore, this Court does not have jurisdiction over Mr. Sanders' claim.

## Conclusion

For the reasons stated above, the Government's motion to dismiss is GRANTED. Mr. Sanders has properly filed this claim before the U.S. District Court of New Jersey and the matter should be resolved there. The Clerk of the Court shall enter judgment accordingly. In addition, Mr. Sanders' requests to stay proceedings and be referred to the pro bono counsel program are DENIED as moot. No costs.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge